UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JO-ANN STORES, LLC, <br><br> Plaintiff, <br> v. <br><br> SOUND PROPERTIES, LLC, <br><br> Defendant. | CASE NO. C19-1831JLR <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Defendant Sound Properties, LLC's ("Sound") motion for reconsideration of the court's June 7, 2021, order granting Plaintiff Jo-Ann Stores, LLC's ("Jo-Ann Stores") motion for summary judgment. (MFR (Dkt. # 39); 6/7/21 Order (Dkt. # 36).) Motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority that could not have been brought to the attention of the court earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). The court has carefully reviewed Sound's motion. Sound presents no new facts or legal authority

ORDER - 1

that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* MFR.)  Instead, Sound attempts to supplement its waiver argument that it presented in its opposition to summary judgment.  (*See generally id.*; MSJ Resp. (Dkt. # 31) at 15-18.)

First, Sound raises the novel argument that non-waiver provisions are "narrowly construed and frequently not enforced by Washington [c]ourts."  (MFR at 1.)  Not so. *Wilson v. Daniels*, 198 P.2d 496 (1948), which Sound relies upon (MFR at 2), does not stand for the proposition that non-waiver provisions should not be enforced but rather that the specificity of the non-waiver provision matters, *see Wilson*, 198 P.2d at 500-01. When the non-waiver provision is specific, the provision is enforced.  *See First Un. Mgmt v. Slack*, 679 P.2d 936, 940 (Wash. Ct. App. 1984).  In its original briefing, Sound provided "no argument as to why its . . . waiver defense[] survive[s]" the non-waiver provisions in the Lease between the parties and the Estoppel Certificate (6/7/21 Order at 13; *see* MSJ Resp.); now, Sound still provides no argument on why the non-waiver provisions are too general to be enforced, repeating instead that it would be "unjust to enforce the lease's non-waiver clause," (*see* MFR at 2-3).

Moreover, the court noted that "[e]ven if the [non-waiver clauses] did not foreclose Sound's . . . waiver defense[], [that] defense[] still fail[s] as a matter of law" because Sound "provides no evidence raising a genuine dispute of material fact regarding Jo-Ann Stores's intent to relinquish the right to assert a breach regarding the tenancy of Ideal Option."  (6/7/21 Order at 13-14.)  Sound does not address this deficiency.  (*See*

//

MFR.)  Thus, even if the non-waiver clauses should not be enforced as Sound argues, that does not render the grant of summary judgment erroneous.

Second, Sound argues that even if Jo-Ann Stores hadn't waived its rights under Section 26(vii) for Ideal Option, Jo-Ann Stores had "previously waived its rights . . . *with respect to other tenants*" and thus had to give reasonable notice and an opportunity for Sound to comply in order to reinstate those rights.  (MFR at 3-4.)  Again, Sound did not make this argument in its original briefing and offers no explanation as to why it could not have brought this argument earlier.  (*See id.*; MSJ Resp.)  Regardless, its argument is unavailing.  As the court articulated, Sound has not provided any evidence supporting Jo-Ann Stores's intent to relinquish its rights, as applied to Ideal Option or the earlier tenants.  (*See* 6/7/21 Order at 13-14.)  Thus, Sound has not established as a matter of law that Jo-Ann Stores waived its rights to the earlier tenants such that the court needs to consider whether there is a genuine issue of material fact regarding reasonable notice and the opportunity to comply.  (*See* MFR at 4.)

For the foregoing reasons, the court concludes that the Port has made neither of the required Local Rule LCR 7(h)(1) showings.  (*See generally* MFR.)  Therefore, the court DENIES Sound's motion for reconsideration (Dkt. # 39).

Dated this 25th day of June, 2021.

JAMES L. ROBART
United States District Judge